WR-78,113-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/17/2015 1:08:55 PM
Accepted 7/17/2015 1:36:47 PM
ABEL ACOSTA
CLERK

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
7/17/2015
ABEL ACOSTA, CLERK

EX PARTE §

§

HUMBERTO GARZA, § TEXAS COURT OF CRIMINAL APPEALS

§ NO. WR 78,113-01

APPLICANT §

§

_____

**RENEWED MOTION
FOR ORDER TO CLERK OF CONVICTING COURT TO
TRANSMIT TO THE COURT OF CRIMINAL APPEALS
FILINGS OMITTED FROM THE RECORD OF THIS CASE,
AND MOTION FOR THE COURT TO ABATE PROCEEDINGS
PENDING COMPLETION OF THE RECORD.**

TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:

On April 15, 2015, Applicant Humberto Garza III, through counsel, filed a "Motion for Order to Clerk of Convicting Court to Transmit to the Court of Criminal Appeals Filings Omitted from the Record of this Case," of which a copy is attached. That Motion has never been ruled upon. The Clerk of the Convicting Court has, nonetheless, almost entirely remedied the deficiencies in the record of this capital habeas corpus case noted in that previous motion.

However, there remains one significant omission from the record: This is a case in which Applicant's counsel filed multiple sealed and *ex parte* pleadings

-1-

which in many instances concerned requests for funding for expert and investigative services. Those materials were not transmitted to this Court with the rest of the record, and have still not been transmitted despite that being requested in Applicant's previous motion.

Moreover, in a capital habeas corpus case, the Clerk of a Convicting Court is required, pursuant to TEX. CODE CRIM. PROC. Art. 11.071 § 9, to " ... transmit to: (1) the Court of Criminal Appeals a copy of ... (G) the sealed materials such as a confidential request for investigative expenses[.]"

In addition to the provision of such materials to this Court being a statutory mandate, the sealed materials may well be relevant to the disposition of Applicant's case: The Convicting Court's failure to provide timely and adequate funding with which Applicant could develop his case had a significant detrimental impact upon his ability to present his Grounds for Relief, *see, e.g.*, "Applicant's Objections to, and Motion for Withdrawal of, the Convicting Court's Findings of Fact and Conclusions of Law and recommendation of Denial of Relief," at p. 35-39. This Court's fair and independent determination of Applicant's case therefore requires the relevant pleadings and other materials to be available for review.

Undersigned counsel has made efforts to ensure the completion of the record in this case, including traveling to the Court of Criminal Appeals twice to

review the record, liaising with the Clerk of the Convicting Court and with this Court's General Counsel, and filing the previous motion for transmission of the omitted filings. Since those efforts have not yet resulted in the completion of the record, Applicant respectfully requests this Court to order the Clerk of the Convicting Court immediately to transmit to it the above-mentioned documents as required by TEX. CODE CRIM. PROC. Art. 11.071 § 9. Applicant also respectfully requests that this Court abate its review of this case until the record is complete, lest its decision be formed on the basis of a record that is incomplete through no fault of the Applicant.

## CONCLUSION AND PRAYER.

Applicant respectfully requests that the Court of Criminal Appeals order the Clerk of the Convicting Court immediately to transmit to it the above-mentioned documents as required by TEX. CODE CRIM. PROC. Art. 11.071 § 9, and to abate the proceedings pending the completion of the record.

Respectfully submitted,

_____

HILARY SHEARD
Texas Bar # 50511187
7301 Burnet Road, # 102-328
Austin, TX 78757
Phone: (512) 524 1371
Fax: (512) 646 7067
HilarySheard@Hotmail.com

*Counsel for Humberto Garza III, Applicant.*

## CERTIFICATE OF SERVICE

I certify that on July 17, 2015, a copy of the foregoing pleading was served electronically via www.efileTexas.gov on:

Theodore C. Hake, Esq.
Assistant Criminal District Attorney
Hidalgo County Courthouse
100 N. Closner, Room 303
Edinburg, Texas 78539.
Ted.Hake@da.co.hidalgo.tx.us

Michael W. Morris, Esq.
Assistant Criminal District Attorney
Office of the District Attorney
Hidalgo County Courthouse
100 N. Closner
Edinburg, TX 78539
Michael.Morris@da.co.hidalgo.tx.us

_____
Hilary Sheard.

WR-78,113-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/15/2015 1:42:56 PM
Accepted 4/15/2015 2:16:14 PM
ABEL ACOSTA
CLERK

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
4/15/2015
ABEL ACOSTA, CLERK

EX PARTE §
§
HUMBERTO GARZA, §
§
APPLICANT §
§

TEXAS COURT OF CRIMINAL APPEALS
NO. WR 78,113-01

## MOTION FOR ORDER TO CLERK OF CONVICTING COURT TO TRANSMIT TO THE COURT OF CRIMINAL APPEALS FILINGS OMITTED FROM THE RECORD OF THIS CASE.

TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:

Applicant was convicted of capital murder and sentenced to death on March 24, 2005, in the 370th Judicial District Court of Hidalgo County, Texas, Judge Noe Gonzalez presiding. An application for writ of habeas corpus was filed on July 19, 2007. After an evidentiary hearing on August 6 and 7, 2014, and the submission of proposed Findings of Fact and Conclusions of Law by the parties on September 30, 2014, the convicting court issued Findings of Fact and Conclusions of Law on February 12, 2015.

Applicant subsequently, on March 20, 2015, filed in the convicting court his "Objections To, and Motion for Withdrawal Of, the Convicting Court's

-1-

Findings of Fact and Conclusions of Law and Recommendation of Denial of Relief." He simultaneously filed an Advisory in the Court of Criminal Appeals explaining that the Objections had been filed in the convicting court, and provided copies of the Objections in question.

The clerk of the convicting court thereafter prepared and transmitted to the Court of Criminal Appeals documents required by TEX. CODE CRIM. PROC. Art. 11.071 § 9 (f). These were filed on April 1, 2015. Undersigned counsel has checked the documents as transmitted and filed, and notes the following omissions, where documents were. filed in the convicting court, but are not contained in the record now present in the Court of Criminal Appeals.[1]

- Motion for Approval of Reasonable Attorney Fees and Expenses, filed on June 3, 2005;

- *Ex parte* Confidential Motion to be Filed under Seal, filed on June 3, 2005;

- Letter and Voucher sent to Judge Gonzalez, filed on June 14, 2005;

- Motion for Approval of reasonable Attorney Fees and Expenses, filed on June 14, 2005;

- Order signed by Judge Gonzalez, filed on June 23, 2005;

- Order signed by Judge Gonzalez on October 4, 2005;

---

[1]In most instances the existence of these filings can be ascertained from the docket sheet filed with the record. However, some of the items are not reflected on the docket sheet, even though undersigned counsel is in possession of file-stamped copies of those items.

- Letter from Hon. John E. Wright, filed on September 26, 2005;

- Attorney Fees Expense Claim Form, filed on February 11, 2013;

- Letter to Hon. Theodore C. Hake concerning codefendants from Hilary Sheard, filed on September 13, 2013;[2]

- *Ex parte* letter to the 370th District Court, filed on December 10, 2013;

- Letter to Hon. Theodore C. Hake from Hilary Sheard, filed on May 12, 2014;

- Supplemental Exhibit Volumes 1 and 2, filed on May 28, 2014;

- Supplemental Exhibit Volume 3, filed on August 5, 2014;

- State's Proposed Order Containing Findings of Fact, Conclusions of Law and a Recommendation, filed on September 30, 2014;[3]

- Applicant's Objections, filed on March 20, 2015.

Applicant further notes that, although the existence of multiple sealed filings in this case is reflected by the inclusion in the record as transmitted of the cover sheets to those filings, there is no indication with the record as filed that the

---

[2]Two separate letters were sent simultaneously to Assistant District Attorney Theodore C. Hake by undersigned counsel, and copies of both were provided for the court file. Only one letter is reflected on the convicting court's docket sheet and in the record.

[3]While the convicting court in large part simply adopted these State-drafted Findings of Fact and Conclusions of Law, the court did amend and edit some sections before issuing its actual Findings of Fact and Conclusions of Law, as explained in Applicant's Objections filed on March 20, 2015. The Court of Criminal Appeals will not be able to analyze the differences between the two documents - an analysis which, as explained in Applicant's Objections, is necessary as part of the Court's independent review of the case - without having both documents before it.

-3-

contents of those sealed filings have actually been transmitted to the Court of Criminal Appeals.

In addition to the above, the clerk of the convicting court has not provided undersigned counsel with the documents required by TEX. CODE CRIM. PROC. Art. 11.071 § 9 (f)(2) other than in electronic scanned form by e-mail.

TEX. CODE CRIM. PROC. Art. 11.071 § 9 (f) creates a statutory requirement for the transmission of the record in a capital habeas corpus case to the Court of Criminal Appeals. Moreover, state habeas counsel has an obligation to ensure that there is a complete record available concerning every issue raised. *See, e.g.*, State Bar of Texas: Guidelines and Standards for Texas Capital Counsel: Standing Committee on Legal Services to the Poor in Criminal Matters Adopted by the State Bar Board of Directors, reprinted in 69 TEX. B. J. 966, 971 (2006), Guideline 12.2.6.a - Duties of Post-Trial Counsel.

In this case, the items omitted from the record transmitted to the Court of Criminal Appeals include 3 volumes of exhibits filed on behalf of Applicant, and Objections to many aspects of the convicting court's conduct of the case. It is therefore necessary, in order for Applicant to receive a comprehensive and independent review of his grounds for relief, for the missing items to be provided to the Court of Criminal Appeals as soon as possible.

## CONCLUSION AND PRAYER.

Applicant respectfully requests that the Court of Criminal Appeals order the Clerk of the Convicting Court to transmit to it the above-mentioned documents as required by TEX. CODE CRIM. PROC. Art. 11.071 § 9 (f) as soon as possible, and to provide to counsel for the Applicant the documents required by TEX. CODE CRIM. PROC. Art. 11.071 § 9 (g)(2). Applicant also specifically requests that the Court of Criminal Appeals order all sealed filings be transmitted to it by the Clerk of the Convicting Court, if that has not already been done.

Respectfully submitted,

*Hilary Sheard*

HILARY SHEARD
Texas Bar # 50511187
7301 Burnet Road, # 102-328
Austin, TX 78757
Phone: (512) 524 1371
Fax: (512) 646 7067
HilarySheard@Hotmail.com

*Counsel for Humberto Garza III, Applicant.*

-5-

# CERTIFICATE OF SERVICE

I certify that on April 15, 2015, a copy of the foregoing pleading was served electronically via www.efileTexas.gov on:

Theodore C. Hake, Esq.
Assistant Criminal District Attorney
Hidalgo County Courthouse
100 N. Closner, Room 303
Edinburg, Texas 78539.
Ted.Hake@da.co.hidalgo.tx.us

Michael W. Morris, Esq.
Assistant Criminal District Attorney
Office of the District Attorney
Hidalgo County Courthouse
100 N. Closner
Edinburg, TX 78539
Michael.Morris@da.co.hidalgo.tx.us

_____
Hilary Sheard.